United States District Court

Eastern District of California

-oOo-

| | |
|---|---|
| Ron Lee, | |
|     Plaintiff, | No. Civ. S 05-1452 FCD PAN P |
| vs. | Order |
| Stephen Mayburg, et al., | |
|     Defendants. | |

Plaintiff, presently detained pending civil commitment proceedings, is prosecuting this civil rights action without counsel and in forma pauperis. He has filed a complaint and a motion for a temporary restraining order enjoining jail staff from retaliating against him for filing this action.

Plaintiff claims his right to due process was violated in conjunction with proceedings resulting in his civil commitment as a sexually violent predator. Plaintiff alleges one of the psychologists who diagnosed him was not licensed and that the

1 psychologist's finding plaintiff was likely to engage in acts of
2 sexual violence without treatment is not supported by the evidence.
3 He seeks damages and injunctive relief in the form of immediate
4 release.

5     To recover damages for allegedly unconstitutional confinement
6 conviction or imprisonment, or for other harm caused by actions
7 whose unlawfulness would render a conviction or sentence invalid,
8 a § 1983 plaintiff must prove that the conviction or sentence has
9 been reversed on direct appeal, expunged by executive order,
10 declared invalid by a state tribunal authorized to make such
11 determination, or called into question by a federal court's
12 issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S.
13 477 (1994). A claim for damages bearing that relationship to a
14 conviction or sentence that has not been so invalidated is not
15 cognizable under § 1983. Regardless of the relief sought in a §
16 1983 suit, the district court must consider whether a judgment in
17 favor of the plaintiff would necessarily imply the invalidity of
18 his conviction or sentence; if it would, the complaint must be
19 dismissed unless the plaintiff can demonstrate that the conviction
20 or sentence has already been invalidated. Id.; Wilkinson v.
21 Dotson, ___ U.S. ___, 125 S.Ct. 1242 (2005). The rule applies to
22 § 1983 challenges to proceedings under California's Sexually
23 Violent Predator Act. Huftile v. Miccio-Fonseca, 410 F.3d 1136,
24 1142 (9th Cir. 2005) (claim that only one evaluator found plaintiff
25 likely to engage in sexually violent predatory criminal behavior
26 Heck-barred because statute requires such finding by two

evaluators).

Accordingly, plaintiff shall, within 30 days of service of this order, explain in writing why this action is not barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). Plaintiff may correct this defect by showing a finding in his favor will not result in his immediate release. <u>Wilkinson v. Dotson</u>, 125 S.Ct. 1242 (2005). Failure to comply with this order will result in a recommendation his claims for damages be dismissed and the request for injunctive relief being transferred to the appropriate venue. <u>See</u> <u>Huftile</u>, 410 F.3d at 1142 (dismissing claims for damages and declaratory relief and remanding claim for injunctive relief pursuant to <u>Trimble v. City of Santa Rosa</u>, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam)).

Dated: November 22, 2005.

<u>/s/ Peter A. Nowinski</u>
PETER A. NOWINSKI
Magistrate Judge